Good morning, may it please the court. My name is Vicki Dobrin and I represent petitioner Mr. Tan. I'd like to reserve two minutes for rebuttal. In denying Mr. Tan's motion to reopen, the immigration judge failed to consider the primary arguments he made and the evidence he submitted that showed that he did not receive proper notice of his hearing and further that he rebutted the presumption of effective delivery of notice. Mr. Tan argued that although he moved to a new residential address, his mailing address and address at which he contacted remained the same. That address was his address in Kent, Washington. In support of that assertion, he submitted not only his own sworn declaration but sworn declarations from several of his family members who had information about that issue, including from his cousin who continued to reside at that Kent address. All of those statements taken together reflect that Mr. Tan continued to receive mail at that address even after he moved and indeed did continue to receive mail there and that he did not receive the hearing notice at that address. He also submitted... Let me just take you to the record. Did he ever? All right, so it's undisputed that he did not file a change of address, right? With the immigration court? With the immigration court, yes, as he's required to do if he changes his address. So, he has to take the position that he didn't move because if we were to believe that he did move and he didn't file that, it's over, right? He's got to pick up his cards and go home, right? Not necessarily, Your Honor, because just moving isn't the only thing that matters. You have to actually have a different mailing address or a different address at which you can be contacted. Did he file something with the post office? He did. He did do that, but his evidence reflected that he continued to receive mail at the previous address even despite having done the address change at the Postal Service. I'm just going to be upfront with you. There's several things that bother me, okay? That bothers me that he doesn't advise of a change, but he puts something at the post office. At some point, someone in his family told him that he had been removed, right? And then he waits eight years, okay? And so, why do I have to give him relief at this point? Those are negatives that all interrelate, okay? So, Your Honor, I understand those points. However, the agency did not rely on those reasons to deny his motion based on the lack of notice. And so, those are not issues that the court can consider. Although the agency might have considered them in the first instance, it didn't. And so, these are arguments that opposing counsel makes in his brief and will probably make today. But the court can only review the agency decision on the grounds that the agency provided. The agency didn't say they had a problem with these issues with respect to whether he got notice of his hearing. And so, this court... How did he find out about the August 12 rescheduled hearing? How did he find out about it? He only found out about it really when he tried to come back to the United States. And that was in January of 2010. After he left the country to go visit his grandfather in Cambodia, his mother contacted him and said, you got this in absentia removal order. It was forwarded to the Des Moines address. And he said, that doesn't make any sense. I have a hearing in April of 2010. And so, I'm going to come back and that doesn't make sense. He had never gotten this hearing notice. I mean, to this day, the second hearing notice has never appeared. And so, he comes back in January of 2010, thinking he can resolve this. And then the agents at the border, I mean, not the border at the airport, expeditiously remove him and say, no, you can't return. We're going to deport you again. You missed this hearing. And he, again, this isn't in the records, the conversation he had, but that was the first time that he was told about this hearing that he missed a day for the hearing. Does the record tell us when he left for Cambodia to visit his grandfather, right, who was ill? Yes. Does the record tell us when he left? The record doesn't tell us exactly when he left. We know he left sometime after August 20th, 2009, because he went to a biometrics appointment in Seattle. This is eight days after the hearing that he didn't know about and therefore didn't appear at, where he has his fingerprints taken. He brings himself in. This is not the action of someone who is absconding or had any idea that he had missed a hearing, had his fingerprints taken, background checks done, so that he could get temporary evidence of his permanent residence to travel. And he told the officer at that appointment he was planning to travel and was told, you can go. And so we know he left sometime after that, exactly when that's not in the record. Counsel, doesn't the immigration judge's decision emphasize that no written notice is required when an alien fails to provide a correct or updated mailing address? That's true. You said Judge Callahan's relying on grounds that the IJ relied on that. Thank you for the question, Your Honor. The IJ found that he moved to a new residential address and didn't update the court with the residential address. But the IJ never addressed the previous address in Kent, Washington remained a valid mailing address. And he argued this in his motion and presented evidence that the Kent address continued to serve as a valid address. The IJ's motion, 9A1F, specifically says you need to provide an address at which to be contacted. That is all that the statute says. That's what the notice to appear says. That's what the hearing notice says. At no point anywhere does it say, anytime you move to a new residence, you need to update your address. So the immigration judge, in denying the motion to reopen, summarily concluded that because he moved to a new residence and didn't update his address with the new residential address, that he was not entitled to notice. The problem with that is... But that's what, if the IJ concluded that, why isn't the IJ entitled to include that? Because your argument sounds a little, if I go decide to live in a different residence, I think I've moved. So... Right, but people actually believed he moved and said you didn't update. Isn't that the end of the story? No, it's not. Because just moving doesn't mean that your address changes for immigration purposes. But isn't it reasonable to say that if someone lives at a different residence, that they have moved and they haven't updated? Why couldn't the IJ find that if we're reviewing what the IJ did? Well, the IJ can find that, but that's not correct. And that's a misapplication of the statute. The statute doesn't require that. And in fact, people routinely move to new addresses and keep a prior address as a mailing address. And so it's common sense. I mean, this is not an uncommon scenario. And beyond that, the statute does not require that you provide your residential address to the court. People use P.O. boxes. People have problems with receiving mail, so they often will keep the same address that they had on file. And beyond that... Do you want to save any time for rebuttal? Sure. Thank you. Okay. All right. Let's hear from the government. Good morning, your honors. May it please the court. My name is Kosei Igamori and I represent the United States Attorney General in this case. This petition for review should be denied. Counsel, before you start, let's try something. Raise your hands and clap. Now go ahead. The reason I do that is your lips are not in sync with the noise, with the sound. And I've been told by A.V. experts, if you do that, it corrects the problem. So go ahead. I was wondering that. Okay. Thank you, your honor. So the board did not abuse its discretion in this case in denying the motion to reopen in connection with the petitioner's in absentia order of removal. First, the petitioner was not entitled to notice because he failed to provide the immigration court with his change of address. And second, even assuming that he had not moved and he had remained at his old address, he had failed to rebut the presumption that he had been effectively served the notice at his old address. As this court has recognized in Velasquez Escobar versus Holder in 2014, a person under the Immigration and Nationality Act, a person who does not inform the immigration court immediately of a change of address is not entitled to notice. And that's exactly what we have here. While proceedings were pending, the petitioner in April 2009, according to his cancellation application in April 2009, moved to a new address in Des Moines, Washington. And once he did so, according to a declaration at AR-74, he set up mail forwarding precisely because he expected to receive mail at his new address. However, he admits that he was at fault, that he was negligent and that he had not informed the immigration court because he didn't know he had to do that. It's not that he intended for the Des Moines, for the Kent address to serve as an alternative address. He simply admits that he was negligent. And we know he's negligent because the NTA, the notice of hearing, the statute and the regulations all explicitly require the petitioner to update the immigration court of any change of address. And indeed, at AR-72, the motion to reopen. Counsel, did the agency ever determine on the record that the mailing address of Mr. Thon had never changed? That is the agency's conclusion, Your Honor. The immigration judge finds that no written notice is required when an alien fails to provide a correct or updated mailing address. Counsel, I understand that. What I understand the petitioner in this case to be saying is that I gave a physical address and a mailing address to the agency at an appropriate time. And that mailing address has never changed. And the agency says it mailed me this notice. But the people at that address have signed affidavits saying they never saw it. And he never saw it. So did the agency ever say, indeed, the mailing address never changed? It does not explicitly say that, but that is the understanding, Your Honor. The immigration judge specifically recognizes his argument. It says, Respondent's motion alleges that although he moved to a new address without notifying the court, he continued to pick up mail at his old address and set up mail forwarding with the United States Postal Service. It should be noted that his theory is inherently out of tension. The reason why his relatives didn't receive mail at the Kent address is because he set up mail forwarding. Of course they're not going to receive the mail, Your Honor. In fact, there's evidence that the inabstantial order of removal was successfully redirected and forwarded to his address. So what we have in this case, Your Honor, is the petitioner admitting that he failed to inform the immigration court of his change of address. The petitioner admitting that he had set up mail forwarding, therefore indicating that he had intended to receive mail at his new address. And we also have an AR-72 where he says in his motion to reopen, he recognizes that it was not the immigration court who caused him to miss his hearing. Those are the facts of the case, Your Honor. This is not the type of case where this person moves to a place where he cannot be reached and he continues to use his old address as an alternative address. That's not the case we have here, despite counsel's arguments to the contrary, which are not evidence. What we have here is somebody who admits that he made a mistake. And this is despite the fact that he was given written and oral notice in the NTA. He was given notice in the notice of hearing in all capital letters. And then there's also the statute and regulations which all consistently require the petitioner to update the immigration court of any change of address. So for that reason alone, this court should deny this petition for review. And even if this court were to address the presumption, whether the presumption has been rebutted, there's certainly no abuse of discretion here. What we have here is first, the service of the NTA, which the petitioner acknowledged his receipt. Second, we have the first hearing notice, which the immigration judge said that correctly finds in the record, which was actually received by the petitioner at his Kent address. So we know that the new, we know that the old address works. We also know that mail forwarding works because there's an essential order of removal that the petitioner received at his new address pursuant to mail forwarding. So what we don't know, Your Honor, is what was going on at the Des Moines address. We know that the petitioner has submitted evidence about how mail was handled at the Kent address. But again, that's largely irrelevant because mail that's being sent there is being redirected to Des Moines. So again, of course, nobody is going to receive the hearing notice at Kent. That's the way it's supposed to be if everything is working according to the way the petitioner has set up his mail handling. What we do know about the Des Moines address, however, is that the petitioner, although it was forwarded to his Des Moines address in, I believe, August 2009, he didn't hear about the interstitial order of removal until November 2009. So in addition to not knowing what was going on at the Des Moines address, we have evidence here that perhaps he had been not handling or mishandling mail at the Des Moines address. And his failure to handle his mail properly is not a basis for reopening and rescinding a interstitial order of removal, particularly, as in this case, where the petitioner knew about the interstitial order of removal since November 2009. And he didn't file for reopening until 2018. Okay, so waiting eight, nine years or whatever, how can I properly, I find that troubling and I said that with the petitioner, how can I properly consider that evidence in the analysis? Where does it fit in? Well, there are two ways it fits in, Your Honor. First is as the board recognized in a matter of Nivellas decided in 2020, motion to reopen an interstitial order of removal is discretionary. So it can be considered as a discretionary basis to deny a motion to reopen. Alternatively, it could also be considered as part as the due diligence analysis for whether the presumption of effective service was rebutted or not. As the board said in matter of MRA decided in 2008, due diligence can be considered in determining whether mail was effectively served at the address or not. And in this case, the immigration judge lists out the factors for whether the presumption is due diligence. So there is a due diligence analysis in this case. And the immigration judge does fault the petitioner for failing to file his motion to reopen at an earlier time. That is at AR 45, Your Honor. The explicit listing of the factors is at AR 44 and AR 45. That entire paragraph addresses the petitioner's arguments, addresses his failure to file a knowing about the motion in abstention removal order in November of 2009. So the analysis is there. The board adopted and affirmed the immigration judge's decision and further added additional explanation, including the very important point here that notifying the United States Postal Service is insufficient to meet his statutory obligations. And that is precisely what the statute would require, Your Honor. There's no exception for mail forwarding. The statute very clearly says that the petitioner must immediately inform the attorney general here at the immigration court of any change of address and that the failure to do so means that the petitioner is not entitled to notice. And this court recognized that principle of law in Velazquez-Escobar and for that reason, this petition for review should be denied. Counsel, would we be setting a bad precedent if we simply remanded this matter to make an explicit finding on whether the Kent address remained a valid mailing address? Yes, it would be a bad precedent because this case should be denied just based on his failure to inform the immigration court of the new address. There is no exception. That would not matter if Kent remained his mailing address, would it? It would not, but the facts here is that he admits to moving and changing his mailing address to the Kent address. Again, this is not the type of case where the petitioner moves to a new address where he can't be reached. He admits that he set up mail forwarding. He expected to receive mailing at his new address. And to the extent he changed his mailing address, the statute requires him to inform the immigration court of his change of address. If he doesn't, the NCA, notice of hearing, the statute and the regulations all tell him that if he doesn't follow his obligation, then he would not be entitled to notice. I think what I'm understanding you to say is the arguments that counsel for the petitioner are making are not the same arguments that the petitioner made. Yes, the facts are very different from the way the petitioner's counsel is characterizing them. He admits the fault at A.R. 72. He recognizes it wasn't the immigration court that caused him to miss his hearing. At A.R. 74, he admits he informed the United States Postal Service, however, did not, but didn't know that he had to inform the immigration court. But his statement that he didn't know he had to inform the immigration court is just pure negligence because the NCA, notice of hearing, statute and the regulations all inform him of his obligation to inform the immigration court of any change of address. I see that my time has expired. If there are no further questions, the government requests that this court deny this petition for review. Did any of my colleagues have any additional questions? No. All right. Thank you. All right. Then we'll go back to the petitioner. Thank you, Your Honor. I want to just point out a couple of things. As Judge Hawkins pointed out or asked, did the agency ever address whether the Kent address was a valid mailing address? The answer is no. And for that reason, this court has to remand. This was never considered. But if you look at everything that they did, it's implicit in the ruling. It's not, Your Honor, because if you look at the board's decision, the board said that Mr. Tan argued that he didn't receive notice because he moved. That wasn't the argument at all. And so it's clear that the board didn't consider this at all. And so I think the court has to remand. The board said he argued that he didn't receive notice because he moved. That was not his I know that, Judge Calhoun, you're troubled by how long he took to, you know, seek to reopen his case. The problem is, and that might be a valid point, but the agency did not rely on that to deny the statutory motion. Counsel for the government has given a number of reasons why the agency could have denied the statutory motion to reopen based on a lack of notice. Not one of those reasons are reasons that the IJ or the court gave. And they're not before the use counsel's justifications as a basis to deny this petition for review when the agency never relied on those in the first instance. And as Judge Fitzwater asked, would it be a set bad precedent to remand under these circumstances? To the contrary, the court has to remand under these circumstances. You might not like the underlying facts, and maybe they're not as well developed or laid out as they should have been. But the agency has to look at them in the first instance. And unfortunately, the agency didn't do that here. They didn't engage in any analysis. They did not consider whether it rebutted the presumption. Yes, the IJ in stock language listed out the MRA factors, but he didn't apply them at all to this case. He then in a two-sentence summary said, you moved. Therefore, the case law indicates you're not entitled to notice. The way notice was proper to the Kent address. Okay, now we're over time, so please bring your comments to a close. Okay, well, for all of you have a question. Okay, go ahead then. Answer Judge Hawkins question. Counsel, is it correct that as of the time the agency sent the notice of hearing for the August 12, 2009 hearing, that the Kent physical address and the mailing address were neither correct? Were neither of them correct? Yeah. I don't think so. I mean, I think they were both potentially, I mean, they both could be cross examples. Go ahead. Number one, he had physically moved, correct? Yes. Number two, he asked the post office to forward his mail to a different address. Right. Don't the combination of those two suggest that as of the time the notice was sent, he was neither physically residing at the Kent address, nor was the Kent mailing address his actual mailing address? Perhaps, your honor, that might be the case, but the agency has to consider that in the first instance. And so I understand the court's concerns. I do. And the issues that counsel for the government makes, but the agency needs to address this as a preliminary matter. And that's why remand has to occur here. And just one other point, your honor, in the record, in the declaration of Mr. Tan's cousin, who continued to live at the Kent address, she stated that he continued to receive mail there even after he moved. And so that would indicate that that address, he still received mail. Mail was still delivered to that address, despite making the postal service. Thank you. Thank you. All right. That'll conclude oral argument. This matter will stand submitted. Thank you.
judges: Hawkins, Callahan, Fitzwater